.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLYDE D. WILSON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7077

---

Appeal from the United States Court of Appeals for Veterans Claims in 08-3110, Chief Judge William P. Greene, Jr.

---

Decided: September 13, 2010

---

CLYDE D. WILSON, of Calhoun Falls, South Carolina, pro se.

COURTNEY S. MCNAMARA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

and BRIAN M. SIMKIN, Assistant Director.   Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, LINN and DYK, *Circuit Judges*.

PER CURIAM.

The United States Court of Appeals for Veterans Claims ("Veterans Court") affirmed the Board of Veterans' Appeals ("Board") decision that denied Mr. Clyde D. Wilson service connection for a bilateral foot disability. *Wilson v. Shinseki*, No. 08-3110, 2010 U.S. App. Vet. Claims LEXIS 512 (Apr. 1, 2010).  Because Mr. Wilson argues only that the Veterans Court did not consider evidence that was not in existence at the time of the Board's decision, this court *dismisses* for lack of jurisdiction.

I.

Mr. Wilson served in the Army National Guard from August 1973 through February 1997.  He asserts that he injured his feet in 1973.  He submitted an application for compensation for his disabilities in April 2002.  The Board denied Mr. Wilson's claim of entitlement to service connection for a bilateral foot disability on September 17, 2007.  Mr. Wilson appealed to the Veterans Court, arguing only that the Board had not considered new information concerning his disabilities.  The Veterans Court affirmed the Board decision because Mr. Wilson did not show that the Board failed to consider evidence that was in existence at the time of its decision.

## II.

This court's jurisdiction to review the decisions of the Veterans Court is limited by statute. *See Summers v. Gober*, 225 F.3d 1293, 1295 (Fed. Cir. 2000). Under 38 U.S.C. § 7292(a), this court may review the validity of the Veterans Court's decision on "a rule of law or of any statute or regulation . . . or any interpretation thereof" that the Veterans Court relied on in making its decision. Under 38 U.S.C. § 7292(d)(2), however, this court has no authority to review: (1) "a challenge to a factual determination" or (2) "a challenge to a law or regulation as applied to the facts of a particular case" unless the challenge presents a constitutional issue.

## III.

Mr. Wilson argues that the Veterans Court decision involved the validity or interpretation of a statute or regulation because it made its decision before his podiatrist "turned [him] aloose [sic]" and without considering his "doctor's note" regarding his bilateral foot disability. Presumably, Mr. Wilson is referring to a letter from his podiatrist on the matter of his bilateral foot disability, which post-dated both the Board and Veterans Court decisions.

Title 38 of the U.S. code, section 7104(a), requires that Board decisions "shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation." Thus, the Board must base its decision on the record in existence at the time of its decision. Moreover, under 38 U.S.C. § 7252(b), the Veterans Court's jurisdiction precludes it from considering any evidence that was not before the Board or the Secretary.

The Veterans Court applied section 7104(a) in holding that the Board did not err in considering only evidence that existed at the time of its decision. Because the Veterans Court did not interpret section 7104(a), but merely applied it to the facts of this case, this court does not have jurisdiction to review this issue. *See* 38. U.S.C. § 7292(d)(2). To the extent that Mr. Wilson has new and material evidence, he may have an opportunity to be heard under 38 U.S.C. § 5108, which provides, "If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim."

## IV.

Because this court does not have jurisdiction to review the issue on appeal, it dismisses Mr. Wilson's appeal.

**DISMISSED**

*COSTS*

No costs.